The Honorable Brian D. Lynch
Chapter 7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| In re:<br><br>Kenneth Earl Lee,<br><br>                Debtor. | Chapter 7<br><br>Bankruptcy Case No. 21-40870-BDL |
| The Boeing Company,<br>                Plaintiff,<br><br>v.<br><br>Kenneth Earl Lee,<br>                Defendant. | Adversary Proceeding No.:<br><br>**COMPLAINT OBJECTING TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)** |

The plaintiff, The Boeing Company ("**Boeing**"), by and through its undersigned counsel, hereby files this complaint (the "**Complaint**") and alleges as follows:

## I. INTRODUCTION

This is an action to determine nondischargeability of a debt owed by defendant Kenneth Earl Lee ("**Debtor**") pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The debt is based on a judgment entered in Pierce County Superior Court after a jury found that Debtor willfully misrepresented his physical condition in order to obtain hundreds of thousands of dollars in worker's compensation that he was not entitled to. The jury's verdict has since been affirmed by the Washington Court of Appeals.

COMPLAINT - 1

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

## II. PARTIES

1. Boeing is a Delaware corporation with its principal place of business in Chicago, Illinois. Boeing is a creditor in the above-referenced bankruptcy case. At all relevant times, Boeing has been registered to do business in Washington state.

2. Debtor is a resident of Pierce County, Washington. Debtor is a former employee of Boeing.

## II. JURISDICTION/VENUE

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue in the Western District of Washington is proper under 28 U.S.C. § 1409(a).

5. Boeing consents to entry of final orders or judgment by the Court pursuant to Fed. R. Bankr. P. 7008.

## III. FACTS SUPPORTING THE COMPLAINT

<u>Debtor's Long Con and Fraud</u>

6. On June 1, 2000, Debtor injured his right elbow while working at Boeing. Debtor filed a claim for workers' compensation and began receiving benefits on August 4, 2000.

7. On September 6, 2001, Debtor underwent surgery to repair an apparent tear in his right biceps tendon. Debtor claimed that the surgery did not alleviate his condition.

8. Through the years, Debtor visited several physicians for an alleged physical disability that he asserted developed on account of his prior injury. During these visits, Debtor presented his condition to the doctors as extremely debilitating and used these medical visits as a basis to continue receiving compensation benefits from Boeing. Boeing relied on medical opinions formed during these visits in continuing to pay workers' compensation.

9. Between 2003 and 2007, Debtor claimed an inability to use his right arm.

COMPLAINT - 2

10. By 2007, Debtor began presenting to his doctors a severe disability in both of his arms, and by 2013, Debtor asserted that he was unable to use either arm.

11. In 2008, Boeing requested that Dr. Joan Sullivan, an orthopedic surgeon, conduct an independent medical examination. Dr. Sullivan reported that Debtor had difficulty moving both arms, that he was completely unable to move his fingers in one hand, and that Debtor asserted he was in constant severe pain.

12. Dr. Sullivan became suspicious of Debtor's asserted disability. Dr. Sullivan indicated that while Debtor did in fact have a past injury to his right biceps, she believed he was able to return to work as early as 2002.

13. In 2013, Boeing commenced surveillance of Debtor related to his workers' compensation claim. The surveillance revealed that the disabilities that Debtor presented while in medical appointments were not apparent in his daily life.

14. On multiple occasions in 2013, investigators recorded Debtor using both of his hands without indications of pain, including scratching his head, folding his arms, opening car doors, and even driving without assistance. On October 17, 2013, investigators witnessed Debtor drive to a scrap metal yard, put on a reflective vest and hard hat, and unload heavy scraps of metal from his truck.

15. During this same timeframe in 2013, investigators witnessed sudden changes in Debtor's behavior when he would attend his medical appointments. For example, on August 12, 2013, Debtor had a medical appointment to evaluate his physical ability. Prior to the appointment, investigators recorded Debtor pumping his own gas and not wearing a sling. However, when he appeared for the appointment, Debtor wore a sling and presented indications of severe disability. At another scheduled medical appointment, investigators observed Debtor driving to the appointment, pulling his vehicle over, and then switching places to allow his son to drive. After arriving at the appointment, investigators witnessed the

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

son help the Debtor out of the vehicle, at which point Debtor began exhibiting signs of extreme disability.

16. In 2014, Debtor continued to assert an inability to use both his arms. On February 26, prior to a medical appointment, he drove himself to a convenience store and purchased food. Investigators witnessed the Debtor eating in his car with use of both of his hands. He then proceeded to a high school to pick up his son. Debtor then continued driving to his medical appointment. At some point along the way, the Debtor pulled over and switched positions with his son, such that his son was driving as they arrived at the medical office. The Debtor was then observed holding his arms close to his side and not allowing them to move. Shortly after the appointment, he again began gesturing freely.

17. On May 1, 2014, investigators recorded Debtor driving with his daughter to another medical appointment. By the time the Debtor arrived at the medical office, the two had switched places. Debtor's daughter was recorded opening the passenger door for Debtor and Debtor was recorded walking slowly into the building with both arms held tightly to his sides. After the appointment, Debtor's daughter was recorded helping the Debtor into the vehicle and assisting him with fastening his seatbelt. They then drove to a gas station where Debtor was recorded opening and closing his own door, fastening his seatbelt, and using both hands to pay for gas.

18. In 2014, the above-referenced videos were shown to Debtor's attending physician, Dr. Nutter. After viewing the videos, Dr. Nutter was shocked and concluded that the Debtor was able to work without restriction.

19. Dr. Nutter ultimately confronted Debtor about the videos and the discrepancies in his condition. Debtor initially denied being the individual depicted in the video then fainted.

COMPLAINT - 4

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

4829-5367-3459.1

Case 21-04040-BDL    Doc 1    Filed 08/11/21    Ent. 08/11/21 12:57:01    Pg. 4 of 7

20.  After Debtor regained consciousness, Dr. Nutter witnessed him move his arms in a manner inconsistent with Debtor's asserted medical condition. Debtor then quickly returned to his normal presented condition – with his arms straight down at his sides.

21.  Dr. Nutter, who attended the Debtor for approximately 11 years, concluded that his physical presentation for all those years was "nothing but an act."

<u>The Administrative Proceeding</u>

22.  On December 22, 2014, the Department of Labor and Industries found that Debtor had "willfully misrepresented" his physical abilities from May 20, 2013 through July 15, 2014 in order to secure workers' compensation benefits. Boeing appealed the decision on grounds that Debtor's scam began years earlier.

23.  An Industrial Appeals Judge subsequently determined that Debtor had willfully misrepresented his abilities starting in 2003 and ordered Debtor to pay $521,601.01 plus a 50% penalty.

24.  This decision was ultimately reversed by a split panel, causing Boeing (and Debtor) to appeal to Pierce County Superior Court.

25.  Judge Susan Serko adjudicated over a jury trial commencing on October 22, 2018. The 12-person jury returned a verdict in favor of Boeing, finding that Debtor obtained compensation benefits from the period of February 5, 2003 through July 15, 2014, "***by way of willful misrepresentation, omission, and/or concealment of a material fact from… Boeing Company***". A judgment was subsequently entered, ordering Debtor to repay Boeing $521,601.01 for benefits paid (the "**Judgment**"). The Judgment accrues interest at the rate of 12% per annum.

### IV.  FIRST CAUSE OF ACTION

**(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) Against Debtor)**

26.  Boeing incorporates all preceding allegations in the Complaint.

COMPLAINT - 5

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

4829-5367-3459.1

27. The amount awarded in the Judgment, together with accruing interest, is a debt for money and property obtained by Debtor by "false pretenses, a false representation, or actual fraud" as provided in 11 U.S.C. § 523(a)(2)(A).

28. Debtor willfully misrepresented his physical condition with an intent to deceive Boeing. Boeing justifiably relied upon Debtor's statement or conduct. Boeing's loss was proximately caused by reliance on Debtor's statement and conduct.

## V. SECOND CAUSE OF ACTION

**(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6) Against Debtor)**

29. Boeing incorporates all preceding allegations in the Complaint.

30. The amount awarded in the Judgment, together with accruing interest, is a debt for "willful and malicious injury" as provided in 11 U.S.C. § 523(a)(6).

31. Debtor intended to inflict injury upon Boeing when he willfully misrepresented his physical condition to secure workers compensation that he was not entitled to. Debtor's actions were wrongful, done intentionally, necessarily caused injury, and were without just cause or excuse.

///

///

COMPLAINT - 6

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

4829-5367-3459.1

Case 21-04040-BDL    Doc 1    Filed 08/11/21    Ent. 08/11/21 12:57:01    Pg. 6 of 7

## VI. RELIEF REQUESTED

WHEREFORE, plaintiff prays for relief as follows:

32. For a judgment determining that the Judgment, together with all accrued interest, is excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

33. For an award of attorneys' fees, costs and expenses as allowable by applicable law;

34. For such other relief that this Court deems just and equitable.

DATED this 11th day of August, 2021.

RYAN, SWANSON & CLEVELAND, PLLC

By */s/ Zachary A. Cooper*
Joe Sakay, WSBA #24667
Zachary A. Cooper, WSBA #53526
Attorneys for Plaintiff
The Boeing Company
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
sakay@ryanlaw.com
zcooper@ryanlaw.com

COMPLAINT - 7

4829-5367-3459.1
Case 21-04040-BDL    Doc 1    Filed 08/11/21    Ent. 08/11/21 12:57:01    Pg. 7 of 7

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359